# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. W-23-CR-170-ADA** |
| | § | |
| **CHRISTOPHER SHAWN COLLIER** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

On May 8, 2002, Judge Royal Furgeson sentenced the defendant on two offenses, namely Count 1: Conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and Count 2: Possession with intent to distribute more than 5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Court

1

sentenced the defendant to 360 months in the custody of the U.S. Bureau of Prisons as to both counts to run concurrently, followed by a ten- year term of supervised release as to count one and a five-year term as to count two to run concurrently. The special conditions include substance treatment and testing, abstain from the use of alcohol and/or all other intoxicants, shall not reside any place where firearms are possessed or stored, and pay a $200.00 special assessment fee. On June 1, 2018, the defendant was released to supervision.

On June 4, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated the Additional Condition, that the defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision, in that, on February 15, 2024, the defendant submitted a urine specimen which tested positive for Amphetamine/Methamphetamine.
>
> **Factual Basis:** On February 15, 2024, the defendant reported to the Waco Probation Office as instructed and submitted a urine specimen which tested positive for Amphetamine/Methamphetamine. The defendant denied use. On March 22, 2024, this test was confirmed positive for Methamphetamine.
>
> **Violation Number 2:** The defendant violated the Additional Condition, that the defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol, in that, the defendant attempted to obstruct or tamper with the collection of a drug test by removing the sweat patch placed on him.
>
> **Factual Basis:** On May 10, 2024, the defendant reported to the Waco Probation Office as instructed. The defendant has continued to deny substance use and a sweat patch was placed on the defendant. The defendant was given instructions on the care of the sweat patch while wearing it. On May 15, 2024, Officer Perez went to the home the defendant said he was working at to remove the patch. The patch adhesive appeared to be tampered with and the patch had been removed

completely, with only the adhesive remaining. The defendant denied removing the patch.

At the hearing, the defendant pleaded no contest to the violation one, and not true to violation two. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations. Specifically, the government called U.S. Probation Officer Christina Perez to testify. She is the defendant's supervising probation officer. She credibly testified as to the details discussed in the government's motion to revoke. She also testified that the defendant's explanation for how his sweat patch came off changed when his story was challenged. Perez also explained that the defendant was aware that his duty to contact the Probation Office if he had problems with his patch, but that he failed to do so.

## II.    FINDINGS OF THE COURT

1. The defendant violated the conditions of his supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea to the allegations.
3. The defendant had both a factual and rational understanding of the proceedings against him.
4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
5. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.
6. The defendant was sane and mentally competent to stand trial for these proceedings.
7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for six months, with no term of supervised release to follow. The defendant should also receive credit for time served since his arrest on June 24.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of August 2024.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE